UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SCANLAN, | ) Case No.: 1:15-cv-00282 - LJO - JLT |
| Plaintiff, | ) ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND |
| v. | ) |
| OFFICER TRAN, et al., | ) |
| Defendants. | ) |

In this action, Plaintiff alleges Defendants are liable for violations of his civil rights, including showing deliberate indifference to a serious medical need and the deprivation of property. (*See* Doc. 1) However, as explained below, Plaintiff fails to allege facts sufficient to support his claims. Therefore, Plaintiff's complaint is **DISMISSED** with leave to amend.

**I.** **Screening Requirement**

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## II. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Further, a plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 566 U.S. at 678 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a

claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)). However, leave to amend a complaint may be granted to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## III. Section 1983 Claims

Plaintiff seeks to state claims for violations of the Fifth and Eighth Amendments of the Constitution of the United States pursuant to 42 U.S.C. § 1983 ("Section 1983"), which "is a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). An individual may bring a civil rights action pursuant to Section 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

42 U.S.C. § 1983. To plead a Section 1983 violation, a plaintiff must allege facts from which it may be inferred that (1) a constitutional right was deprived, and (2) a person who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

A plaintiff must allege a specific injury was suffered, and show causal relationship between the defendant's conduct and the injury suffered. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976). Thus, Section 1983 "requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff." *Chavira v. Ruth*, 2012 WL 1328636 at *2 (E.D. Cal. Apr. 17, 2012). An individual deprives another of a constitutional right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Thus, "[s]ome culpable action or in action must be attributable to defendants." *See Puckett v. Corcoran Prison - CDCR*, 2012 WL 1292573, at *2 (E.D. Cal. Apr. 13, 2012).

## IV. Plaintiff's Allegations

Plaintiff asserts a warrant was issued for his arrest for failing to appear in court "[w]hile out on bail." (Doc. 1 at 5) Plaintiff alleges that on July 9, 2014, he was arrested by California City Police

Officer Tran. (*Id.* at 3, 5) According to Plaintiff, "On the way to the Police Department, plaintiff told [O]fficer Tran that plaintiff was on the way to the hospital because of injuries that plaintiff sustained the day before because of an altercation plaintiff was in." (*Id.* at 5) Plaintiff contends that it was "obvious [he] needed medical attention from a busted lip, black eyes, and broken teeth." (*Id.*) He asserts Officer Tran did not take him to the hospital, but rather "deliver[ed] plaintiff to the police station and ignor[ed] plaintiff's plea for medical attention." (*Id.*)

Plaintiff alleges that once at the police department, he told Officer Schulthiess he was going to the hospital. (Doc. 1 at 6) He asserts, "Officer Schulthiess saw the condition that plaintiff was in and agreed to take plaintiff to the Tehachapi hospital," and Plaintiff agreed "because [he] felt that he had no other choice." (*Id.*)

He asserts that once at the hospital, a nurse told Plaintiff he "needed to see a doctor because of migraine headache's [sic] and severly [sic] high blood pressure." (Doc. 1 at 6) Plaintiff alleges a doctor "did a quick examination" and ordered a CAT scan. (*Id.*) He reports that "[a] few minutes later, the doctor told officer Schulthiess that the computer system was down, and . . . that it would be aprox. [sic] 6 to 8 hours before the CAT scan could be completed. (*Id.*) Plaintiff alleges, "Officer Schulthiess looked at [Plaintiff] and then told the doctor that … 'we simply can't wait that long.'" (*Id.*) Plaintiff asserts Officer Schulthiess told him that if he signed out, "he would take plaintiff to the Bakersfield Hospital [and] Plaintiff agreed because he had no other choice." (*Id.*)

According to Plaintiff, "Officer Schulthiess told the doctor to sign plaintiff out and handed the nurse plaintiff's SDI insurance card to pay for the visit." (Doc. 1 at 6) He asserts, "the card was taken out of plaintiff's wallet without plaintiff's permission." (*Id.*) Plaintiff contends he was "signed out with a promise to be taken to another hospital for treatment," against the orders of the doctor. (*Id.* at 7) He reports he "was given a prescription for Ultram along with some papers that were given to the defendant." (*Id.*)

Plaintiff alleges that Officer Schulthiess did not take him to another hospital after they left, but rather "transported [him] to the Bakersfield Pre Trial Jail." (Doc. 1 at 7) He asserts Officer Schulthiess turned him over to Officer "John Doe badge #1307" for booking, and told the officer Plaintiff "had already been provided medical attention and that there was nothing wrong with plaintiff and that

4

plaintiff was fine." (*Id.*)  Plaintiff asserts he told "Officer Doe" that he needed medical treatment, which the officer denied. (*Id.*)

Plaintiff alleges he was transferred to Wasco State Prison on July 25, 2014.  (Doc. 1 at 8)  He reports that approximately one month later, he "was given a diagnostics dental x-ray because of the severe pain in [his] mouth," which showed he "had two broken teeth that had to be extract[ed]." (*Id.*)

## V.  Discussion and Analysis

Based upon the foregoing facts, Plaintiff contends Officers Tran, Schulthiess and "Doe" "violated [his] Eighth Amendment [r]ight to be free from cruel and unusual punishment." (Doc. 1 at 3) In addition, Plaintiff asserts Officer Schulthiess violated his "Fifth Amendment [r]ight not to be deprived of life, liberty, or property and the right to not have property taken for 'public use' without just compensation." (*Id.* at 6, emphasis omitted)

### A.  Alleged Violations of the Eighth Amendment

Plaintiff had not been convicted of a crime at the time of the events that form the basis of his complaint.  Therefore, the proper analysis of Plaintiffs complaints related to his medical care is under "the more protective substantive due process standard" of the Fourteenth Amendment, rather than the Eighth Amendment. *Jones v. Blanas*, 393 F.3d 918, 931-33 (9th Cir. 2004); *see also Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions"); *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) ("Because [the plaintiff] had not been convicted of a crime, but had only been arrested, his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment").  Accordingly, Plaintiff's claim arising under the Eighth Amendment is **DISMISSED**.

### B.  Medical Care under the Fourteenth Amendment

With issues related to health and safety, "the due process clause imposes, at a minimum, the same duty the Eighth Amendment imposes." *Gibson,* 290 F.3d at 1187.  Therefore, though Plaintiff is unable to state a claim under the Eighth Amendment, the requisite standard of care is determined by applying the standards set forth by the Eighth Amendment, which imposes a duty to provide adequate medical care individuals who are in custody. *Estelle v. Gamble*, 429 U.S. 97, 103-104 (1976).  To state

a cognizable claim for failure to provide adequate medical care, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106.

### 1. Serious medical need

A serious medical need exists "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (quoting *Estelle,* 429 U.S. at 104). Indications of a serious medical need include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Id.* at 1059-60 (citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990).

In this case, Plaintiff does not clearly identify his serious medical need(s), though he reports that at the time of his arrest he had "a busted lip, black eyes, and broken teeth." (Doc. 1 at 5) Further, Plaintiff alleges that he reported having a migraine headache to the nurse at the hospital, who said he "needed to seek a doctor because of migraine headache's [sic] and severly [sic] high blood pressure." (*Id.* at 6) Because Officer Schulthiess deemed it appropriate to take Plaintiff to the hospital and a nurse told Plaintiff he needed to see a doctor, it appears Plaintiff had a serious medical need.

### 2. Deliberate indifference

Once a plaintiff alleges facts to show the existence of a serious medical need, he must also allege facts sufficient to support a finding that Defendants responded to that need with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In clarifying the culpability required for deliberate indifference," the Supreme Court held,

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exits, and he must also draw that inference.

*Farmer*, 511 U.S. at 837. Therefore, a defendant must be "subjectively aware that serious harm is likely to result from a failure to provide medical care." *Gibson*, 290 F.3d at 1193 (emphasis omitted). When a defendant should have been aware of the risk of substantial harm but, indeed, was not, "then the person

has not violated the Eighth Amendment, no matter how severe the risk." *Id.* at 1188.

Where deliberate indifference relates to medical care, "[t]he requirement of deliberate indifference is less stringent . . . than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns." *Holliday v. Naku*, 2009 U.S. Dist. LEXIS 55757, at *12 (E.D. Cal. June 26, 2009) (citing *McGuckin*, 974 F.2d at 1060). Generally, deliberate indifference to serious medical needs may be manifested in two ways: "when prison officials deny, delay, or intentionally interfere with medical treatment, or . . . by the way in which prison physicians provide medical care." *Hutchinson v. United States*, 838 F.2d 390, 393-94 (9th Cir. 1988).

### a.   Officer Tran

Plaintiff asserts he told Officer Tran that he was going to the hospital when Tran placed him under arrest, and seemingly contends that Tran is liable for a failure to provide medical care because Tran took Plaintiff to the police station rather than the hospital. (Doc. 1 at 5) Plaintiff contends that when he was arrested, he had "a busted lip, black eyes, and broken teeth." (*Id.*) However, Plaintiff also reports he told Officer Tran that the injuries were "sustained the day before," and that he did not learn he had broken teeth until he had an x-ray more than a month later. (*See id.* at 5, 8) Because Plaintiff admitted to Officer Tran that he had delayed in seeking treatment, it is not clear that Officer Tran knew Plaintiff suffered from a medical need that needed immediate treatment. Indeed, the nurse at the hospital did not state Plaintiff needed to see a doctor for the physical injuries that were visible when Officer Tran placed Plaintiff under arrest, but rather for Plaintiff's reported migraine and high blood pressure. (*See id.* at 6)

Further, Plaintiff fails to allege facts to support a conclusion that Officer Tran knew Plaintiff faced a risk of further harm or injury due to a lack of medical care prior to being taken to the police department. *See Conn v. City of Reno*, 591 F.3d 1081, 1095 (9th Cir. 2010) (deliberate indifference "requires *both* (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need *and* (b) harm caused by the indifference") (emphasis added). Therefore, Plaintiff fails to state a cognizable claim of inadequate medical care against Officer Tran.

///

          b.        *Officer Schulthiess*

Plaintiff asserts that Officer Schulthiess "agreed to take plaintiff to the Tehachapi hospital," where a doctor "did a quick examination" and ordered a CAT scan. (Doc. 1 at 6) However, the physician then informed Plaintiff and "Officer Schulthiess that the computer system was down, and . . . that it would be aprox. [sic] 6 to 8 hours before the CAT scan could be completed. (*Id.*) Officer Schulthiess declined to wait for the computer system to work, and did not take Plaintiff to another hospital to receive the CAT scan. (*Id.*) Instead, Officer Schulthiess "transported [Plaintiff] to the Bakersfield Pre Trial Jail." (*Id.* at 7)

Based upon the facts alleged, it appears Officer Schulthiess was aware Plaintiff had a serious medical need because a CAT scan was ordered. On the other hand, the fact that the physician indicated Plaintiff could wait 6-8 hours for the test to be given suggests a lack of urgency in treatment. The facts alleged fail to support an inference that Schulthiess was "aware that serious harm [was] *likely* to result from a failure to provide medical care." *Gibson*, 290 F.3d at 1193 (emphasis). Indeed, Plaintiff does not allege he suffered *any* harm from not receiving the CAT scan. Without suffering harm, Plaintiff fails to state a cognizable claim against Officer Schulthiess. *See Conn*, 591 F.3d at 1095.

          c.        *Officer "Doe"*

Plaintiff asserts Schulthiess told Officer "Doe" at the jail that Plaintiff "had already been provided medical attention and that there was nothing wrong with plaintiff and that plaintiff was fine." (Doc. 1 at 7) Plaintiff asserts that "when [he] told John Doe that he needed medical treatment, defendant violated plaintiff's [E]ighth [A]mendment right to be free from cruel and unusual punishment." (*Id.*) However, Plaintiff alleges also that he "requested to see the doctor… [and] was allowed to see a nurse." (*Id.*) Thus, it appears that Officer "Doe" did not deny Plaintiff's request to receive further medical treatment.

Because there are no facts that support a conclusion that Officer "Doe" showed deliberate indifference toward a serious medical need, Plaintiff fails to state a cognizable claim against the officer.

**C.**        **Alleged Violation of the Fifth Amendment**

Plaintiff alleges Officer Tran violated his civil rights under the Fifth Amendment. However, the Fifth Amendment applies only to actions by the federal government. *Rank v. Nimmo*, 677 F.2d 692, 701

(9th Cir. 1982). There must be a "significantly close nexus" between the federal government and the actor for the Fifth Amendment to apply to nonfederal entities or individuals. *Id.* Here, Plaintiff has not made any factual allegations regarding the Officer Schulthiess's connections to the federal government. Thus, Plaintiff fails to state a claim for a Fifth Amendment violation, and the claim is **DISMISSED**.

## VI.     Conclusion and Order

Plaintiff appears unable to state claims for violations of the Fifth Amendment or the Eighth Amendment in this action.  Further, Plaintiff fails to allege facts sufficient to support a determination that the defendants are liable for failure to provide adequate medical care under the Fourteenth Amendment.  Consequently, Plaintiff has failed to state a cognizable claim.

Plaintiff will be given **one** opportunity to file an amended complaint curing the deficiencies identified in this order.  *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment"); *see also Lopez*, 203 F.3d at 1128 (dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile).  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."

Plaintiff is advised that an amended complaint supersedes the original complaint.  *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Thus, after the First Amended Complaint is filed, the original complaint no longer serves any function in the case.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  The amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.  Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  *King*, 814 F.2d at 567 (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

///

///

///

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiff's complaint is **DISMISSED** with leave to amend; and
2. Plaintiff SHALL file an amended complaint within thirty days of the date of service of this Order.

**<u>Plaintiff is cautioned that failure to comply with this order, will result in a recommendation that the matter be dismissed for failure to prosecute and failure to obey a court order.</u>**

IT IS SO ORDERED.

Dated:   **September 4, 2015**              /s/ Jennifer L. Thurston
                                                                  UNITED STATES MAGISTRATE JUDGE