1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9            EASTERN DISTRICT OF CALIFORNIA

10

11   ROBERT SCANLAN,                    )   Case No.: 1:15-cv-00282 - LJO - JLT
                                        )
12              Plaintiff,              )   FINDINGS AND RECOMMENDATIONS
                                        )   DISMISSING THE FIRST AMENDED
13        v.                            )   COMPLAINT WITHOUT LEAVE TO AMEND
                                        )
14   OFFICER TRAN, et al.,              )
                                        )
15              Defendants.             )
                                        )
16   _____    )

17          In this action, Plaintiff alleges Defendants are liable for violations of his civil rights, including

18   showing deliberate indifference to a serious medical need and the deprivation of property.  (*See* Doc.

19   12)  However, as explained below, Plaintiff fails to allege facts in sufficient to support his claims in the

20   First Amended Complaint.   Because further leave to amend would be futile, the Court recommends

21   that Plaintiff's First Amended Complaint be **DISMISSED** without leave to amend.

22   **I.      Screening Requirement**

23          When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and

24   shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the

25   action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . .

26   seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. 1915(e)(2).

27   The Court must screen the First Amended Complaint because an amended complaint supersedes the

28   previously filed complaint.  *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v.*

*Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *see also Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989) (finding claims may be dismissed as "frivolous" where the allegations are "fanciful" or "describe[e] fantastic or delusional scenarios").

## II.     Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Further, a plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 566 U.S. at 678 (citations omitted). When factual allegations are well-pled, a court should

assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions in the pleading are not entitled to the same assumption of truth.  *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid."  28 U.S.C. § 1915e(2).  Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim."  *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)).

**III.     Section 1983 Claims**

Plaintiff seeks to state claims for violations of the Eighth Amendment of the Constitution of the United States pursuant to 42 U.S.C. § 1983 ("Section 1983"), which "is a method for vindicating federal rights elsewhere conferred."  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  An individual may bring a civil rights action pursuant to Section 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

42 U.S.C. § 1983. To plead a Section 1983 violation, a plaintiff must allege facts from which it may be inferred that (1) a constitutional right was deprived, and (2) a person who committed the alleged violation acted under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

A plaintiff must allege a specific injury was suffered, and show causal relationship between the defendant's conduct and the injury suffered.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).  Thus, Section 1983 "requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff."  *Chavira v. Ruth*, 2012 WL 1328636 at *2 (E.D. Cal. Apr. 17, 2012).  An individual deprives another of a constitutional right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Thus, "[s]ome culpable action or in action must be attributable to defendants." *See Puckett v. Corcoran Prison - CDCR*, 2012 WL 1292573, at *2 (E.D. Cal. Apr. 13, 2012).

### IV.     Factual Allegations

Plaintiff asserts he was convicted of a crime, but "was out on bail awaiting [s]entencing" in July 2014.  (Doc. 14 at 5)  He alleges that "a [w]arrant was issued for his arrest for failing to appear in Court," and he was arrested on July 9, 2014 by California City Police Officer Tran.  (*Id.*)  According to Plaintiff, "During the ride to the Police Department, Plaintiff stated to Officer Tran that he was on his way to the hospital because of a [s]erious beating he suffered the day before due to an altercation he had with [f]our [m]en."  (*Id.*)  Plaintiff contends the "altercation . . . left him with lacerations on his lips, black eyes and broken teeth."  (*Id.* at 5-6)  He asserts Officer Tran did not take him to the hospital, but instead "proceeded to drive him to the jail station."  (*Id.* at 5)

Plaintiff alleges that once at the police department, he told Officer Schulthiess that "he was upset because Officer Tran 'ignored' his injuries in… and failed to take precaution to deliver him to a Medical Facility immediately."  (Doc. 14 at 6)  He alleges, "Officer Schulthiess [then] took notice of Plaintiffs' [sic] condition due to the injuries he sustained," and took Plaintiff "to the Tehachapi hospital."  (*Id.*)  He asserts that once at the hospital, Plaintiff told the nurse "he was experiencing migraine headache's [sic] and severely high blood pressure," and a nurse "verified Plaintiff need to be seen by a [d]octor."  (*Id.*)

According to Plaintiff, a doctor "completed a quick examination and [o]rdered a CAT SCAN."  (Doc. 14 at 6-7)  However, Plaintiff reports the doctor returned "[a] few minutes later," and told Officer Schulthiess that the computer system was down, and "it would be approximately 6 to 8 hours before the CAT SCAN could be completed."  (*Id.* at 7)  Plaintiff alleges Officer Schulthiess told the doctor they "simply can't wait that long."  (*Id.*)  Plaintiff contends Officer Schulthiess told him that if he signed out of the hospital, "he would take Plaintiff to the Bakersfield hospital."  (*Id.*)  He alleges he agreed to do so, after which Officer Schulthiess told the doctor to sign Plaintiff out, and handed Plaintiff's SDI insurance card to the doctor "to [p]ay for the [v]isit without Plaintiffs' [sic] permission."  (*Id.*)  Plaintiff asserts he received a prescription for Ultram and Officer Schulthiess received some "unknown [p]apers," and they left the hospital.  (*Id.*)

Plaintiff alleges that Officer Schulthiess did not take him to another hospital after they left, but rather "delivered Plaintiff… to the Bakersfield Pre-trial jail."  (Doc. 14 at 7)  He asserts Officer

1  Schulthiess turned him over to Officer "John Doe" for booking, took the unknown papers, and told

2  Officer Doe "that Plaintiff had already received [m]edical attention and he's fine."  (*Id.* at 8)  Plaintiff

3  asserts he told "Officer Doe" that he needed medical treatment, which the officer denied.  (*Id.*)

4          Plaintiff alleges he was transferred to Wasco State Prison on July 25, 2014.  (Doc. 1 at 8)  He

5  reports that approximately one month later, "he received a Diagnostics Dental X-Ray," which showed

6  he had "two broken teeth that had to be extracted."  (*Id.*)

7  **V.     Discussion and Analysis**

8          Based upon the foregoing facts, Plaintiff contends Officers Tran, Schulthiess and "Doe"

9  exhibited deliberate indifference to his serious medical needs in violation of the standards of the Eighth

10  Amendment and California Govt. Code § 845.6  (Doc. 14 at 10- 12)

11      **A.     Claim One: Deliberate Indifference to a serious Medical Need**

12          As an initial matter, Plaintiff asserts the Defendants are liable for a violation of his "Due

13  Process rights related to his Medical Care under the Eighth Amendments [sic] prohibition against Cruel

14  and Unusual Punishment."  (Doc. 14 at 4)  Previously, this Court informed Plaintiff that the proper

15  analysis of his complaints related to his medical care was under "'the more protective substantive due

16  process standard' of the Fourteenth Amendment, rather than the Eighth Amendment," because Plaintiff

17  did not allege that he had been convicted of a crime.  (Doc. 12 at 5, quoting *Jones v. Blanas*, 393 F.3d

18  918, 931-33 (9th Cir. 2004)).  Plaintiff clarifies in the First Amended Complaint that he was, in fact,

19  convicted of a crime and was awaiting sentencing at the time of the events alleged.  (Doc. 14 at 5)

20  Thus, his claim for deliberate indifference of a serious medical need must be analyzed under the Eighth

21  Amendment.  *See Revere v. Mass. Gen. Hospital.*, 463 U.S. 239, 244 (1983) (explaining that the

22  protections of the Eighth Amendment are invoked after "a formal adjudication of guilt").  To state a

23  cognizable claim for failure to provide adequate medical care under the Eighth Amendment, a plaintiff

24  "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious

25  medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 103-104 (1976).

26          1.     Serious medical need

27          A serious medical need exists "if the failure to treat the prisoner's condition could result in

28  further significant injury or the 'unnecessary and wanton infliction of pain.'"  *McGuckin v. Smith*, 974

F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (quoting *Estelle,* 429 U.S. at 104).  Indications of a serious medical need include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Id.* at 1059-60 (citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990).

In this case, Plaintiff does not clearly identify his serious medical need(s), though he reports that at the time of his arrest he had black eyes, a cut lip, and broken teeth.  (Doc. 14 at 6)  Further, Plaintiff alleges that he reported having a migraine headache to the nurse at the hospital, who said he needed to see a doctor after Plaintiff said "he was experiencing migraine headache's [sic] and severely high blood pressure," and a nurse "verified Plaintiff need to be seen by a [d]octor." (*Id.*)  Because Officer Schulthiess deemed it appropriate to take Plaintiff to the hospital and a nurse told Plaintiff he needed to see a doctor, it appears Plaintiff had a serious medical need.

### 2.    Deliberate indifference

Once a plaintiff alleges facts to show the existence of a serious medical need, he must also allege facts sufficient to support a finding that Defendants responded to that need with deliberate indifference.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  In clarifying the culpability required for deliberate indifference," the Supreme Court held,

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exits, and he must also draw that inference.

*Farmer*, 511 U.S. at 837.  Therefore, a defendant must be "subjectively aware that serious harm is likely to result from a failure to provide medical care." *Gibson*, 290 F.3d at 1193 (emphasis omitted).  When a defendant should have been aware of the risk of substantial harm but, indeed, was not, "then the person has not violated the Eighth Amendment, no matter how severe the risk." *Id.* at 1188.

Where deliberate indifference relates to medical care, "[t]he requirement of deliberate indifference is less stringent . . . than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns."

*Holliday v. Naku*, 2009 U.S. Dist. LEXIS 55757, at *12 (E.D. Cal. June 26, 2009) (citing *McGuckin*, 974 F.2d at 1060). Generally, deliberate indifference to serious medical needs may be manifested in two ways: "when prison officials deny, delay, or intentionally interfere with medical treatment, or . . . by the way in which prison physicians provide medical care." *Hutchinson v. United States*, 838 F.2d 390, 393-94 (9th Cir. 1988).

### a.   Officer Tran

Plaintiff asserts he told Officer Tran that he was going to the hospital when Tran placed him under arrest and, seemingly, contends that Tran is liable for a failure to provide medical care because Tran took Plaintiff to the police station rather than the hospital. (Doc. 14 at 5, 10) Plaintiff contends that when he was arrested, he had "lacerations on his lips, black eyes and broken teeth." (*Id.* at 6) However, Plaintiff also reports he told Officer Tran that the injuries were "sustained the day before," and that he did not confirm he had broken teeth until he had an x-ray more than a month later. (*See id.* at 5, 8) Because Plaintiff admitted to Officer Tran that he had suffered the injuries the day before but did not seek medical treatment, it is not clear that Officer Tran knew Plaintiff suffered from a medical condition that needed immediate treatment. Indeed, the nurse at the hospital did not state Plaintiff needed to see a doctor for the physical injuries that were visible when Officer Tran placed Plaintiff under arrest, but rather for Plaintiff's reported migraine and high blood pressure. (*See id.* at 6; *see also* Doc. 1 at 6 [plaintiff alleged the nurse told him that he "needed to see a doctor because of migraine headache's [sic] and severly [sic] high blood pressure"])

Further, Plaintiff fails to allege facts to support a conclusion that Officer Tran knew Plaintiff faced a risk of further harm or injury due to a lack of medical care prior to Tran taking him to the police department. *See Conn v. City of Reno*, 591 F.3d 1081, 1095 (9th Cir. 2010) (deliberate indifference "requires *both* (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need *and* (b) harm caused by the indifference") (emphasis added). Therefore, Plaintiff fails to state a cognizable claim of inadequate medical care against Officer Tran.

### b.   Officer Schulthiess

Plaintiff asserts that Officer Schulthiess took him to the Tehachapi hospital, where a doctor "did a quick examination" and ordered a CAT scan. (Doc. 14 at 6-7) However, the physician then informed

Plaintiff and Officer Schulthiess that the computer system was down, and "it would be approximately 6 to 8 hours before the CAT [scan] could be completed. (*Id.* at 7)  Officer Schulthiess declined to wait for the computer system to work, and did not take Plaintiff to another hospital to receive the CAT scan. (*Id.*)  Instead, Officer Schulthiess "transported [Plaintiff] to the Bakersfield Pre Trial Jail."  (*Id.* at 7)

Based upon the facts alleged, it appears Officer Schulthiess was aware Plaintiff had a serious medical need because the doctor ordered a CAT scan.  On the other hand, the fact that the physician indicated Plaintiff could wait 6-8 hours for the test suggests a lack of urgency for the treatment.  The facts alleged fail to support an inference that Schulthiess was "aware that serious harm [was] *likely* to result from a failure to provide medical care."  *Gibson*, 290 F.3d at 1193 (emphasis).  Indeed, Plaintiff does not allege he suffered *any* harm or any risk of harm from not receiving the CAT scan.  Without suffering harm, Plaintiff fails to state a cognizable claim against Officer Schulthiess.  *See Conn*, 591 F.3d at 1095.

### c.      Officer "Doe"

Plaintiff asserts Schulthiess told Officer "Doe" at the jail that "Plaintiff "had already received [m]edical attention and he's fine." (Doc. 14 at 8)  Plaintiff asserts that though Officer Doe denied his request to see a doctor, he was allowed to be seen by "the jail [n]urse." (*Id.*)  Thus, it appears that Officer "Doe" did not deny Plaintiff's request to receive further medical treatment.  Moreover, seemingly, the nurse did not believe further medical intervention was needed at that time.

Because there are no facts that support a conclusion that Officer "Doe" showed deliberate indifference toward a serious medical need, Plaintiff fails to state a cognizable claim against the officer.

### B.      Claim Two: Violation of Cal. Gov't Code § 845.6

Plaintiff alleges also that the defendants are liable for a failure to summon medical care in violation of Cal. Gov't Code § 845.6.  (Doc. 14 at 10-12)  Specifically, Section 845.6 provides that although a public employee is not liable for an injury proximately caused by failure to obtain medical care for an inmate, a public employee is liable if he "knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care."  Accordingly, to state cognizable claim under Section 845.6, a plaintiff "must establish three elements: (1) the public employee knew or had reason to know of the need, (2) for immediate medical

care, and (3) failed to reasonably summon such care." *Jett v. Penner*, 439 F.3d 1091, 1099 (9th Cir. 2006).  Importantly, Liability under this provision is limited to situations where "there is *actual or constructive knowledge* that the prisoner is in need of *immediate* medical care."  *Watson v. California*, 26 Cal. App. 4th 836, 841 (Ct. App. 1993) (emphasis in original).

Here, Plaintiff alleges Officers Tran, Schulthiess, and Doe violated Section 845.6 "by failing to ensure that Plaintiff timely saw a [p]rofessiona [d]octor to complete a CAT SCAN from a 'head injurie' [sic] he suffered in an altercation, and also a completed [e]xamination of his injuries to his 'busted' lip, black eyes and broken teeth."  (Doc. 14 at 11)  However, as discussed above, Plaintiff told Officer Tran that the injuries were suffered the day before, undermining his assertion that he needed urgent medical treatment.  Furthermore, the nurse at the hospital did not refer Plaintiff to a doctor for his visible injuries, and the doctor at the hospital did not opine Plaintiff needed an immediate CAT scan, but suggested he could wait for the computer systems to be restored. Consequently, Plaintiff fails to allege facts sufficient to support the conclusion that the officers were aware of a need for "immediate" medical care.  *See Jett*, 439 F.3d at 1099; *Watson* 26 Cal. App. 4th at 841.

## VI.    Conclusion and Order

Plaintiff fails to allege facts sufficient to support a determination that the defendants are liable for failure to provide adequate medical care under the Eighth Amendment and failure to summon medical treatment under Cal. Gov't Code Section 845.6.  Previously, the Court gave Plaintiff an opportunity to amend his complaint to allege facts sufficient to support his claims. Because Plaintiff failed to cure the deficiencies of his allegations, the Court finds further leave to amend would be futile. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Based upon the foregoing, **IT IS HEREBY RECOMMENDED**:

1.      Plaintiff's First Amended Complaint be **DISMISSED** without leave to amend;

2.      All remaining motions be terminated as moot; and

3.      The Clerk of Court be DIRECTED to close this action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local

Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days after being served with these Findings and Recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

   Dated:   **October 2, 2015**                    **/s/ Jennifer L. Thurston**
                                                   UNITED STATES MAGISTRATE JUDGE