UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SCANLAN, <br><br>   Plaintiff, <br><br>   v. <br><br> OFFICER TRAN, et al., <br><br>   Defendants. | Case No.: 1:15-cv-00282 - LJO - JLT <br><br> ORDER REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS ON APPEAL |

On October 28, 2015, the Court dismissed this case based upon its determination the first amended complaint failed to state a claim (Docs. 16, 18, 19).  Plaintiff filed a notice of appeal a few weeks later. (Doc. 20) On November 30, 2015, the Ninth Circuit Court of Appeals referred the matter back to this Court for the limited purpose of deciding whether Plaintiff's in forma pauperis status should continue on appeal.  (Doc. 23)  For the reasons set forth below, the Court concludes that it should not.

I.      **Analysis**

In his first amended complaint, Plaintiff alleged Defendant Tran arrested him in Tehachapi, California, on July 9, 2014. (Doc. 14 at 5)  The day before, Plaintiff had been involved in a brawl— unrelated to the arrest by Tran—that resulted in cuts to his lips, black eyes and broken teeth.  Id. at 5-6.  He alleged that he told Tran that, at the time of this arrest, he had been intending to go to the hospital to obtain treatment for these injuries.  Id. Despite this, Tran took him to jail, rather than to a

hospital. Id. at 5.

After his arrival at the jail, Plaintiff complained to Officer Schulthiess that Tran had ignored his injuries. (Doc. 14 at 6)  As a result, Schulthiess took Plaintiff to a local hospital. Id. At the hospital, Plaintiff complained—not about his obvious injuries—but of a migraine headache and high blood pressure. Id.  This resulted in the nurse referring him to a doctor. Id.  The doctor conducted a "quick examination" and ordered a CT scan. Id. at 6-7.  However, the doctor notified Schulthiess and Plaintiff a few minutes later that, because the CT machine was broken, the scan would be delayed six to eight hours. Id. at 7.  Thus, though Schulthiess obtained the prescription provided by the doctor, he decided not to wait for the scan and transported Plaintiff to jail in Bakersfield, California. Id.

When he arrived at the jail in Bakersfield, Schulthiess told the jailers that Plaintiff had already received medical clearance. (Doc. 14 at 8)  Plaintiff disputed this with the jailer—Officer Doe—and, though Plaintiff claims Officer Doe denied his request for medical treatment, he admits the Officer Doe took him to the nurse for a medical exam. Id. at 8.  The nurse determined, apparently, that no additional treatment was needed and Plaintiff did not receive "diagnostic dental x-rays" until he arrived at Wasco State Prison about a month later. Id. at 8.  They revealed Plaintiff had two broken teeth that medical professionals extracted. Id.

The Court determined that Plaintiff identified a serious medical need because the doctor deemed that treatment was needed as indicated by ordering the CT scan.[1]  However, Plaintiff did not allege facts sufficient to demonstrate Defendants demonstrated deliberate indifference to the medical need.  Notably, Tran was aware only of the injuries that were obvious—the black eyes and cut lips; Plaintiff does not contend he told Tran about his headache, high blood pressure or broken teeth. Notably, Plaintiff told Tran that he suffered the injuries the day before and had not obtained medical treatment on his own.  Plaintiff did not allege that any medical professional determined at any time that his facial injuries were worthy of treatment.  A month later, doctors discovered Plaintiff's broken teeth and extracted them.  Thus, the Court concluded Plaintiff failed to state a claim against Tran.

---

[1] Notably, it appears there was a difference of opinion as to whether Plaintiff needed a CT scan given the fact that the nurse at the jail did not order one or refer Plaintiff to a doctor for further examination.  However, the Court deferred to the pleading and Plaintiff adequately pleaded that he suffered a serious medical condition.

1    Though Schulthiess was aware Plaintiff suffered a serious medical need—due to the doctor
2    ordering the CT scan—the doctor's determination that Plaintiff could wait six to eight hours for the
3    scan undermined that there was an imminent need for it.  Moreover, Plaintiff failed to allege any facts
4    to support that he suffered any harm from the failure to obtain the CT scan.  Indeed, though he
5    received additional medical treatment at Wasco State Prison, there is no allegation that he received a
6    CT scan at that time or at any time. Rather, it appears that the medical exam at the jail revealed that
7    there was a difference of opinion as to whether Plaintiff needed a CT scan, given the jail nurse did not
8    order one or refer Plaintiff to a doctor.  Thus, the Court concluded Plaintiff failed to state a claim
9    against Schulthiess.

10   Finally, the Court determined Plaintiff failed to state a claim against Officer Doe.  Though
11   Plaintiff claimed that Doe denied him medical care, he admits that Doe took him to the facility's nurse
12   for a medical examination.  Though Officer Doe did not take Plaintiff to a doctor as Plaintiff
13   requested, this is insufficient to demonstrate Doe was deliberately indifferent to Plaintiff's serious
14   medical condition.

15   Notably, the Court previously dismissed Plaintiff's original complaint with leave to amend
16   (Doc. 12).  In doing so, the Court provided Plaintiff all of the relevant pleading standards and
17   instructed him on the insufficiencies of the complaint. The Court noted that Plaintiff had failed to
18   allege facts that demonstrated Tran was aware of the serious medical conditions—the migraine
19   headache and the high blood pressure.  Likewise, the Court noted that Plaintiff failed to demonstrate
20   that he was in imminent need of medical treatment or that he suffered any harm caused by the failure
21   to undergo the CT scan before being booked into jail in Bakersfield.  Finally, the Court noted that
22   Officer Doe *did* provide him medical treatment, through the jail nurse, and there was no showing that
23   this medical attention was constitutionally insufficient.  Despite this, when he filed his first amended
24   complaint, Plaintiff did not correct *any* of these factual deficiencies.  Thus, the Court had no option but
25   to conclude that Plaintiff could not allege in good faith sufficient facts to support the claim.

26   "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not
27   taken in good faith." 28 U.S.C. § 1915(a)(3).  The test for allowing an appeal in forma pauperis is
28   easily met; the good faith requirement is satisfied if the appellant seeks review of any issue that is not

frivolous. *Gardner v. Pogue*, 558 F.2d 548, 550-51 (9th Cir. 1977) (citing *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917 (1962)) (quotation marks omitted); *see also Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (if at least one issue or claim is non-frivolous, the appeal must proceed in forma pauperis as a whole).

Based upon the foregoing, the Court finds the appeal from the dismissal of the action lacks an arguable basis either in law or in fact and is not taken in good faith.

Accordingly, it is **HEREBY ORDERED** that:

1. The Court certifies that Plaintiff's appeal is not taken in good faith and Plaintiff's in forma pauperis status is **REVOKED**;

2. The Clerk of the Court is directed to forward a copy of this order to the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated:   **December 4, 2015**          **/s/ Jennifer L. Thurston**
                                                  UNITED STATES MAGISTRATE JUDGE